**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | CIVIL ACTION<br>FILE NO. 02-1624C<br>(Judge Allegra) |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Paragraph 4 and 5, Part III of Appendix A.

This joint preliminary status report is being filed electronically. The parties' signatures will be reflected on each side's submission.

**Paragraph 4**

a. **Does the court have jurisdiction over the action?**

For Plaintiff:

Plaintiff Washington International Insurance Company states that the Court has jurisdiction over this action pursuant to 28 USCA § 1491(a)(1) because of an express contract entered into by Washington International Insurance Company with the United States.

For Defendant:

Defendant, the United States, states that it intends to file a motion to dismiss for lack of subject matter jurisdiction because the letter sent to the contracting officer was not certified as required by the Contract Disputes Act.

b. **Should the case be consolidated with any other case and the reason(s) therefore?**

No, there are no other cases that should be consolidated with this case.

c. **Should trial of liability and damages be bifurcated and the reasons therefore?**

No.

d. **Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No, this case is ready to be tried. No other actions have or will have an affect on this matter.

e. **In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No.

f. **Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to the effect joinder?**

The parties contemplate that no other parties are going to be joined in this action at this time.

g. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

<u>For the Plaintiff</u>:

Yes, Plaintiff intends on filing a Motion for Summary Judgment in this case at or near the close of discovery.

<u>For the Defendant</u>:

The United States intends to file a motion to dismiss for lack of subject matter jurisdiction for failing to comply with the Contract Disputes Act.

The United States may file a motion for partial summary judgment on count two, which claims an entitlement to attorneys' fees through the Equal Access to Justice Act ("EAJA"). The United States anticipates that discovery will show that the Plaintiff does not qualify for EAJA fees because its net worth exceeded the statutory maximum.

h. **What are the relevant factual and legal issues?**

<u>For the Plaintiff</u>:

Whether the Takeover Agreement entered into by the Air Force and Plaintiff

providing that "if the Obligee [Defendant] and Principal [Plaintiff surety's construction bond principal] reach a settlement whereby payment or credit is granted to Principal" required the Defendant to "immediately, without further demand, refund to Surety the amounts paid by Surety to Completion Contractor less such amounts as may have been paid by Obligee to Surety pursuant to the original Contract."

If so, whether the Defendant breached the Takeover Agreement by failing to pay the $112,743 balance of unreimbursed costs incurred by Plaintiff to complete the construction contract at issue in this litigation

Whether the Defendant's refusal to pay Plaintiff as provided in the Takeover Agreement entitles Plaintiff to an award of attorney's fees and related legal and administrative expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(b).

For the Defendant:

Whether this Court possesses subject matter jurisdiction over this lawsuit.

Whether the takeover agreement required the Air Force to reimburse Washington International Insurance Company ("WIIC") for all amounts it paid to the replacement contractor, Barnhill Construction Co ("Barnhill"), and, if so, what amount.

Whether WIIC is entitled to attorneys' fees pursuant to the Equal Access to Justice Act.

i. **What is the likelihood of the settlement? Is alternative dispute resolution contemplated?**

Unknown at this time. Communication between the parties may lead to settlement negotiations.

j. **Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, not dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on the subject.**

At his time the parties anticipate proceeding to trial. The parties request that trial be

held in Fayetteville, North Carolina, where the witnesses are located.

k. **Are there any special issues regarding electronic case management needs?**

This case is a "go-live" case, subject to the Court's CM/ECF system.

l. **Is there any other information of which the court should be aware at this time?**

No.

**Paragraph 5: What is the proposed discovery plan?**

<u>FOR PLAINTIFF.</u>

Plaintiff proposes that discovery in this matter commence on the day of the entry of the scheduling order called for by RCFC 16(b) (the "Scheduling Order") and terminate six (6) months after the entry of the Scheduling Order. Plaintiff further propose that any motion for summary judgment shall be filed within thirty (30) days of close of discovery.

<u>FOR DEFENDANT.</u>

The United States will require one year to complete discovery. Time will be required to accommodate work by the Defense Contract Audit Agency ("DCAA") of assessing the quantum of this claim. DCAA may need to coordinate work at two different field offices to review records maintained by the WIIC and Barnhill. Additional time will be required for expert discovery.

[REMAINDER OF PAGE PURPOSELY LEFT BLANK
SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

THOMPSON & SLAGLE, P.C.

______________________________

DeWitte Thompson
Georgia Bar No. 707688

3295 River Exchange Drive
Suite 300
Norcross, Georgia 30092
(770) 662-5999
(770) 447-6063 Facsimile
dthompson@thompsonandslagle.com

Attorney for Plaintiff

Dated: March 24, 2003

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General

DAVID M COHEN
Director

s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

s/ Christian J. Moran

CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone (202) 307-6289
Facsimile (202) 514-7969

OF COUNSEL:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard,
Suite 606
Arlington, VA 22209-2403
Attorneys for Defendant

Dated: March 24, 2003