No. 02-1624C
(Judge Allegra)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS

---

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone (202) 307-6289
Facsimile (202) 514-7969

Attorneys for Defendant

April 4, 2003

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......................................... ii

DEFENDANT'S MOTION TO DISMISS ................................. 1

ISSUE PRESENTED ............................................... 2

STATEMENT OF THE CASE ......................................... 2

I. Nature of the Case ......................................... 2

II. Statement of Facts ........................................ 2

ARGUMENT ...................................................... 3

A. Standard Of Review ......................................... 3

B. The Contract Disputes Act Requires A Certification ......... 4

C. WIIC Failed To Certify Its Claim ........................... 9

D. This Motion Is Timely ...................................... 13

# TABLE OF AUTHORITIES

I. CASES

Ball, Ball & Brosamer v. United States,
878 F.2d 1426 (Fed. Cir. 1989) .......................... 5

Booth v. United States,
990 F.2d 617 (Fed. Cir.1993) .......................... 13

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998) .......................... 4

Fanning, Phillips, Molnar v. West,
160 F.3d 717 (Fed. Cir. 1998) .......................... 13

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) .......................... 5

Fidelity and Deposit Company of Maryland v. United States,
2 Cl. Ct. 137 (1983) .................................... 2

Hamza v. United States,
31 Fed. Cl. 315 (1994) ..............................6, 8

Indium Corporation of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) ........................... 1

Information Systems & Networks Corporation v. United States,
17 Cl. Ct. 527 (1989) ................................... 1

J. Cooper & Associate, Inc. v. United States,
47 Fed. Cl. 280 (2000) .................................. 4

J & E Salvage Co. v. United States,
37 Fed. Cl. 256 (1997), aff'd, 152 F.3d 945
(Fed. Cir. 1998)(Table) ................................. 6

James M. Ellett Constr. Co., Inc. v. United States,
93 F.3d 1537 (Fed. Cir. 1996) ...................... passim

McCauley v. United States,
38 Fed. Cl. 250 (1997) .................................. 3

Medina Const. Ltd. v. United States,
43 Fed. Cl. 537 (1999) .................................. 9

Newport News Shipbuilding v. Garrett,
6 F.3d 1547 (Fed. Cir. 1993) ............................ 9

Paul E. Lehman, Inc. v. United States,
230 Ct. Cl. 11, 673 F.2d 352 (Ct. Cl. 1982) .............. 5

Romala v. United States,
12 Cl. Ct. 411 (1987) .................................. 11

Reynolds v. Army & Air Force Exch. Service,
846 F.2d 746 (Fed. Cir. 1988) ........................... 4

Scan-Tech Security, L.P. v. United States,
46 Fed. Cl. 326 (2000) ................................ 4,6

Scheuer v. Rhodes,
416 U.S. 232 (1974) ..................................... 3

Skelly & Loy v. United States,
231 Ct. Cl. 370, 685 F.2d 414 (1982) .................... 5

Smith v. Orr,
855 F.2d 1544 (Fed. Cir. 1988) ..........................7

The Pevar Co. v. United States,
32 Fed. Cl. 822 (1995) .................................. 8

T.J.D. Services, Inc. v. United States,
6 Cl. Ct. 257 (1984) ................................... 11

United States v. Grumman Aerospace Corp.,
927 F.2d 575 (Fed. Cir. 1991) ........................... 5

Witherington Const. Corp. v. United States,
45 Fed. Cl. 208 (1999) ................................. 13

II. STATUTES AND REGULATIONS

41 U.S.C. § 605(a) ................................. 4,11

41 U.S.C. § 605(c)(1) ................................... 5

41 U.S.C. § 605(c)(6) .................................... 7

41 U.S.C. § 6079(h) ..................................... 8

48 C.F.R. § 33.201 .................................... 8, 9

48 C.F.R. § 33.211 ..................................... 11

48 C.F.R. § 206 ......................................... 5

48 C.F.R. § 207(c) ...................................... 10

# INDEX TO APPENDIX


| # | Item | Page Number |
|---|---|---|
| 1. | Letter, dated July 7, 2002, from Mr. Scott K. Spooner to Ms. Laura A. Mata | AF000944 |
| 2. | Letter, dated July 23, 2002, from Ms. Leslie L. Crawley to Mr. Scott K. Spooner | AF000953 |
| 3. | Letter, dated August 6, 2002, from Mr. Scott K. Spooner to Ms. Leslie L. Crawlery | AF000955 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-1624C (Judge Allegra) |
| UNITED STATES | ) | |
| Defendant | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss Washington International Insurance Co.'s ("WIIC") complaint for lack of jurisdiction. In support of this motion, we rely upon the complaint, the following brief, and the attached appendix.[1] As we clearly establish below, WIIC never presented a certified claim to the contracting officer. Because WIIC failed to comply with the statutory and jurisdictional prerequisites to filing a cause of action in this Court, the complaint should be dismissed.

---

[1] In deciding a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corporation of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Information Systems & Networks Corporation v. United States, 17 Cl. Ct. 527, 529 (1989); Fidelity and Deposit Company of Maryland v. United States, 2 Cl. Ct. 137, 145 (1983).

## ISSUE PRESENTED

Whether the plaintiff’s failure to submit a certified claim to the Government, in the first instance, serves as a jurisdictional bar to this Court's authority to entertain plaintiff's complaint.

## STATEMENT OF THE CASE

### I. Nature of the Case

In this case, WIIC seeks monetary damages pursuant to a takeover agreement it signed with the Department of the Air Force ("Air Force"). According to WIIC, the Air Force has not paid WIIC the full amount due pursuant to that agreement.

Although WIIC's attorney send a letter demanding the payment of money, this letter does not constitute a certified claim. Because the submission of a certified claim is a jurisdictional prerequisite and WIIC has not satisfied this requirement, the Court must dismiss WIIC's complaint.

### II. Statement of Facts

Payne Adams Construction Co. and the Air Force entered into a contract for a project known as "Alter/Repair 624th Compound Pavement". Compl. ¶ 5. This contract required Payne Adams to obtain a payment and performance bond. Compl. ¶ 2. Payne Adams obtained such a bond from WIIC. Id.

The Air Force, in a letter dated January 20, 1998, stated

that Payne Adams was in default. The Air Force demanded that WIIC complete the contract. Compl. ¶ 8. On August 18, 1998, WIIC and the Air Force entered into a contract, called the Takeover Agreement. Compl. ¶ 9; Compl. Exhibit B.

Based upon its interpretation of the terms of the Takeover Agreement, WIIC demanded that the Air Force pay it additional money in a letter dated June 14, 2002. Compl. ¶ 17; Compl. Exhibit D. This letter was signed by an attorney representing WIIC. The letter was originally mailed to an attorney for the Air Force (Major Brian T. Barn) and later remailed to the contracting administrator (Ms. Laura A. Mata). Compl. Exhibit D.; Appendix ("App.") AF000944

The Air Force responded to this letter on July 23, 2002. "App," AF000953. Counsel for WIIC, in turn, replied on August 6, 2002. App. AF000955.

WIIC filed the present lawsuit on November 18, 2002.

## ARGUMENT

### A. Standard Of Review

In considering a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, "conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss." McCauley v. United States, 38 Fed. Cl.

250, 262-63 (1997) (citation omitted). Accord Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."). "If a defendant challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant competent proof to establish jurisdiction." J. Cooper & Assoc., Inc. v. United States, 47 Fed. Cl. 280, 283 (2000) (citations omitted). "Although a decision on a motion to dismiss pursuant to RCFC 12(b)(1) is not a judgment on the merits, the court may make any factual findings necessary to adjudicate this motion, including findings on matters not raised in the pleadings." Scan-Tech Security, L.P. v. United States, 46 Fed. Cl. 326, 330 (2000) (citations omitted). The plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

B. The Contract Disputes Act Requires A Certification

The Contract Disputes Act ("CDA") provides that "[a]ll claims by a contractor against the Government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). Most importantly, the CDA requires that:

> For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects that contract adjustment for which the contractor believes the Government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 605(c)(1) (emphasis added). Part 33 of the FAR implements these CDA requirements. See, e.g., FAR §§ 33.206 and 33.207.

The certification requirement furthers an important objective of Congress by "trigger[ing] a contractor's potential liability for a fraudulent claim under section 604 of the Act," Skelly & Loy v. United States, 231 Ct. Cl. 370, 376, 685 F.2d 414, 418 n.11 (1982), and thus "'discourag[ing] the submission of unwarranted contractor claims.'" Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 14, 673 F.2d 352, 354 (Ct. Cl. 1982) (quoting S. Rep. No. 1118, at 5, reprinted in 1978 U.S.C.C.A.N. 5235, 5239).

Before 1992, it was well-established that this Court lacked jurisdiction to consider any CDA claim unless and until the contractor submits that claim with the requisite certification, if required to the contracting officer. United States v. Grumman Aerospace Corp., 927 F.2d 575, 579 (Fed. Cir. 1991); Ball, Ball &

Brosamer v. U.S., 878 F.2d 1426, 1428 (Fed. Cir. 1989); Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1384 (Fed. Cir. 1983).

In 1993, the CDA was amended to allow contractors to "cure technically defective certifications" after instituting an action in this Court. J & E Salvage Co. v. United States, 37 Fed. Cl. 256, 263 n.7 (1997), aff'd 152 F.3d 945 (Fed. Cir. 1998)(Table). However, this Court has consistently construed the amended CDA not to waive the certification requirement entirely. Id. As stated in Hamza v. United States, 31 Fed. Cl. 315 (1994), a "lack of certification is not subject to correction pursuant to §605(c)(6) of the CDA" and "is a jurisdictional bar to the filing of a complaint in this court." 31 Fed. Cl. at 324. Accord Scan-Tech Sec., L.P. v. United States, 46 Fed. Cl. 326, 334 (2000) (dismissing case for failure to certify claim to contracting officer). Thus, there are two types of certification issues: (1) whether there is any certification, and (2) whether the certification is defective.

In J & E Salvage, this Court suggested that the Court of Appeals for the Federal Circuit may have waived the certification requirement. 37 Fed. Cl. at 263 (citing James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1545-46.). However, Ellett concerned a "technically defective" certification. 93 F.3d. at

1545. Because the Federal Circuit found the 1992 amendments to the CDA applicable, the contractor was permitted to cure that defective certification. Id. at 1546. Therefore, under the facts of Ellett, "certification of the proposal was not a jurisdictional prerequisite." Id. The Federal Circuit's broad language about CDA jurisdiction is mere dicta in circumstances, such as here, where a contractor never provided a certification with its claim. See Smith v. Orr, 855 F. 2d 1544, 1550 (Fed. Cir. 1988)("[b]road language in an opinion, which language is unnecessary to the [C]ourt's decision, cannot be considered binding authority")(citing Kastigar v. United States, 406 U.S. 441, 454-55, reh'g denied, 408 U.S. 931 (1972)).

As stated above, the CDA amendments allow this Court to retain jurisdiction over technically defective certifications. 41 U.S.C. § 605(c)(6). This Court's analysis in Hamza is extremely instructive on the nature of "technically defective" certifications:

> Congress sought to allow contractors to cure "technically defective" certifications-defective as a result of innocent mistake-in order "to avoid repetition of the entire administrative claims process and waste of judicial . . . resources." H. Rep. No. 102-1006, 102d Cong., 2d Sess. 28, . . . . By providing for the correction of a defective certification, § 605(c)(6), a fortiori, requires a defective certification. A contractor must make a good faith effort "to

> provide a responsive certification in the first instance." Id. . . . . Plaintiff's complete lack of certification is clearly a substantive defect because it is an "intentional disregard of the statutory certification requirements." Id. As such, plaintiff's lack of certification is not subject to correction pursuant to § 605(c)(6) of the CDA.
>
> While the issue of correction of a defective certification under § 605(c)(6) of the CDA is nonjurisdictional, the total lack of any certification, in the first instance, remains a jurisdictional prerequisite. A contrary reading of § 605 would constitute a repeal by implication of the certification requirement of the CDA. . . . If Congress intended such an outcome, then it would either have removed the certification requirement in § 605(c)(6) or specifically allowed a contractor to cure a lack of certification.

Hamza, 31 Fed. Cl. at 323-24 (emphasis added). Accord The Pevar Co. v. United States, 32 Fed. Cl. 822, 825 (1995).

Moreover, Federal contracting regulations confirm the distinction between non-existing certifications and defective certifications. These regulations state that while a defective certification no longer presents a jurisdictional bar, "[f]ailure to certify shall not be deemed to be a defective certification." 48 C.F.R. § 33.201. Thus, in accordance with the regulations implementing the amended CDA provisions, the absence of a certification remains a jurisdictional bar. Id. Such contracting regulations, promulgated by the Office of Federal

Procurement Policy ("OFPP") pursuant to 41 U.S.C. § 6079(h), should be accorded "considerable weight" by the Court. Newport News Shipbuilding v. Garrett, 6 F.3d 1547, 1552 (Fed. Cir. 1993)(citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 2782 (1984)) (judicial deference given to FAR provision interpreting the CDA's silence regarding corporate claim certification requirements). The 1992 amendment to the CDA was silent regarding whether there could be court or board jurisdiction when a certification had never been provided. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 907(a)(1), 106 Stat. 4506, 4518 (1992). The regulations interpreting the amendment fill that void by providing that the absence of a certification is not to be treated as a defective certification. 48 C.F.R. § 33.201 (1996).

Cases after Elliot have recognized that the lack of certification deprives this Court of jurisdiction. Scan-Tech; Medina Const. Ltd. v. United States, 43 Fed. Cl. 537, 547 (1999). Accordingly, the Federal Circuit's dicta in Elliot has not altered the fundamental requirement that the demand to the contracting officer must include some form of certification.

C. WIIC Failed To Certify Its Claim

The letter, dated June 14, 2002, does not include a

certification.[2] The regulations set forth the form of the language of the certification:

> The certification shall state as follows:
> I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

48 CFR § 207(c).

Comparing this language to text of the June 14, 2002 letter reveals that the June 14, 2002 letter contains no language even remotely resembling the text of the regulation. Thus, this Court must conclude that the June 14, 2002 letter is devoid of a certification.

The response from the Air Force, dated July 23, 2002, confirms our analysis that the June 14, 2002 letter is not a claim. Although how the contracting agency evaluates a document is not dispositive of whether a document is a claim, as defined by case law and regulation, the agency did not treat the June 14,

---

[2] The June 14, 2002 letter is the only letter that WIIC, the party with the burden of establishing jurisdiction, submitted with its complaint. The United States has not discovered any other document that could be the basis for jurisdiction in this Court. For completeness, we have included the August 6, 2002 letter in our appendix. Regardless of whether the Court considers the August 6, 2002 letter or the June 14, 2002 letter, the outcome is the same.

2002 letter as a claim. When an agency receives what it considers to be a valid claim under the CDA and the agency denies that claim, the agency notifies the contractor that the document is the agency's "final decision." See 41 U.S.C. § 605(a) (requiring written decision). This final decision triggers the statute of limitation for challenging the agency's decision at either the Board of Contract Appeals or the Court of Federal Claims. See FAR 33.211(a)(4)(v) (setting standard language to be included in the final decision). The July 23, 2002 letter does not contain this language. See App. AF000945-46. The omission of this language strongly suggests that the Air Force did not treat the June 14, 2002 letter as a claim.

Additionally, it is far from certain that an attorney has the authority to certify a claim to a contracting officer. Cases, decided before Congress enacted the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 907(a)(1), 106 Stat. 4506, 4518 (1992), state that an attorney cannot certify a claim. Romala v. United States, 12 Cl. Ct. 411, 412 (1987). T.J.D. Services, Inc. v. United States, 6 Cl. Ct. 257, 261 (1984).

Although these cases were decided before the CDA was amended in 1992, even the current law imposes burdens that WIIC has not met. The Federal Courts Administration Act of 1992 states the

certification "may be executed by any person duly authorized to bind the contractor with respect to the claim." Pub.L. No. 102-572, § 907(a)(1), 106 Stat. 4506, 4518 (1992).

WIIC cannot meet the requirement that an authorized person certify the claim. Mr. Scott K. Spooner, an attorney in the firm representing WIIC, signed the letter. Mr. Spooner's letter did not represent, as required by FAR § 207(c), that he was "duly authorized to certify the claim on behalf of the contractor."

While the Court does not need to resolve whether the current statue permits an attorney to certify a claim because WIIC failed to include the certification in the first place, the fact that WIIC has failed to show that Mr. Spooner acted within his authority supports our contention that WIIC failed to submit a certified claim to the contracting officer. If WIIC intended to file a certified claim, WIIC should have certified the claim by using the language set forth in FAR § 207(c) thereby eliminating any dispute over whether the person submitting the document was authorized.

D. This Motion Is Timely

We anticipate that WIIC may try to excuse its failure to certify a claim to the contracting officer by arguing that we waived the right to contest jurisdiction when we filed our answer. Such an argument, if made, should be rejected.

"'A party, or the court sua sponte, may address a challenge to subject matter jurisdiction at any time, even on appeal.' Booth v. United States, 990 F.2d 617, 620 (Fed. Cir.1993). Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998). See also Witherington Const. Corp. v. United States, 45 Fed. Cl. 208 (1999) (granting motion to dismiss for failure to comply with the CDA after an answer was filed). "Neither the parties nor the regulation writers can confer jurisdiction on the Court of Federal claims." James M. Ellett Constr. Co., Inc. v. United States, 93 F.3d 1537, 1542 (Fed. Cir. 1996).

In light of these precedents, our filing of an answer does not constitute a waiver of any challenge to jurisdiction. Accordingly, the Court should resolve our jurisdictional dispute set forth above.

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General

DAVID M. COHEN
Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone (202) 307-6289
Facsimile (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard,
Suite 606
Arlington, VA 22209-2403

Dated: April 4, 2003

INDEX TO APPENDIX


| # | Item | Page Number |
|---|---|---|
| 1. | Letter, dated July 7, 2002, from Mr. Scott K. Spooner to Ms. Laura A. Mata | AF000944 |
| 2. | Letter, dated July 23, 2002, from Ms. Leslie L. Crawley to Mr. Scott K. Spooner | AF000953 |
| 3. | Letter, dated August 6, 2002, from Mr. Scott K. Spooner to Ms. Leslie L. Crawlery | AF000955 |