DEPARTMENT OF THE AIR FORCE
HEADQUARTERS 43D AIRLIFT WING (AMC)
POPE AIR FORCE BASE, NORTH CAROLINA

CERTIFIED MAIL: 7099 3220 0007 0505 0504

23 July 2002

43 Contracting Squadron/LGCA
1443 Reilly Road, Suite C
Pope AFB, NC 28308-2896

Thompson & Slagle
ATTN Scott K. Spooner
3295 River Exchange Drive, Suite 300
Norcross, GA 30092

Dear Mr. Spooner:

Reference Contract No. F31601-96-C-0019, Alter/Repair Compound Pavements, Pope Air Force Base, NC, which was awarded to Payne Adams Construction Co., Inc., Bond No. S-500-8316, and your letters dated 14 June 2002 and 7 July 2002.

Clause 9 of the Takeover Agreement clearly anticipates payment to Washington International Insurance Company (WIIC) only in the event that the termination for default was found to be improper. This is clear from the language immediately following your quote of Clause 9 on your letter of 14 June 2002. That portion of the clause, which was not included in your letter, states:

"The refund payment required under this Agreement by Obligee to Surety is given in recognition of the position of Obligee that the termination for default is proper and that Principal has materially breached its Contract, and that, but for such representation by Obligee, Surety would not have undertaken the obligations contained in this Agreement pursuant to its performance bond."

Payne Adams Construction, Inc. (PACI) sought compensation only for pre-takeover claims - - claims which only PACI could make and claims which had not been assigned to WIIC. The Air Force settled PACI's claim on 13 November 2001. In that settlement agreement, the Termination for Default was expressly not converted to any other type of termination; hence the Termination for Default was proper and PACI had materially breached their contract. Therefore, no payment is required by the Air Force to WIIC.

In addition, the funds negotiated during the 13 November 2001 Settlement Agreement were paid to WIIC's attorney, Mr. DeWitte Thompson, to be held in trust pending resolution of issues between WIIC and PACI. Although the Air Force would be entitled to a downward adjustment equal to the amount that WIIC received from that settlement, as of this date, WIIC has not provided the Air Force with a copy of the settlement indicating amount requested in your letter.

Please forward a copy of the settlement agreement between PACI and WIIC to the undersigned or, in the alternative, certify the amount that WIIC received from that settlement agreement.

Request you contact the following if you have any questions: Ms. Mata, (910) 394-5726, the undersigned at (910) 394-6200, or Maj Varn at (937) 255-6111 Ext 269.

Leslie L Crawley

LESLIE L. CRAWLEY
Terminating Contracting Officer

THOMPSON & SLAGLE, P.C.
ATTORNEYS AT LAW
3295 RIVER EXCHANGE DRIVE
SUITE 300
NORCROSS, GEORGIA 30092

DEWITTE THOMPSON (GA AND FL)
JEFF B. SLAGLE
ALFRED A. MALENA, JR.
W. WRIGHT DEMPSEY, JR.
STEVEN SALCEDO
JOHN D. ALEXANDER
SCOTT K. SPOONER

OF COUNSEL:
BYRON M.G. SANFORD

TELEPHONE
(770) 662-5999
FACSIMILE
(770) 447-6063

SCOTT K. SPOONER
SSPOONER@THOMPSONANDSLAGLE.COM

9 AUG '02 AM 9:05

August 6, 2002

Leslie L. Crawley
Terminating Contracting Officer
Department of the Air Force
43 Contracting Squadron/LGCA
1443 Reilly Road, Suite C
Pope AFB, NC 28308-2896

| | | |
|---|---|---|
| RE: | Principal: | Payne Adams Construction Co., Inc. |
| | Obligee: | U.S. Air Force |
| | Project: | Pope Air Force Base - Alter/Repair 624th Compound Pavement |
| | Bond No.: | S-500-8316 |
| | Contract No.: | F31601-96-C-0019 |

Dear Ms. Crawley:

I am in receipt of your letter dated July 23, 2002. I respectfully disagree with your opinion regarding the amounts owed on the above-referenced project. Clause 9 of the Takeover Agreement clearly contemplates the facts at issue here. The clear terms of the agreement state "if the obligee and principal reach a settlement whereby payment or credit granted to the principal . . . obligee shall immediately, without further demand, refund the surety the amounts paid by surety to completion contractor less such amounts as may have been paid by obligee to surety pursuant to the original contract."

Therefore, the Takeover Agreement addresses the agreement made between Payne Adams and United States Government. The government and Payne Adams reached an agreement whereby payment or credit was given to the principal and, therefore, owe the balance of the Takeover Agreement.

As for the claim that the United States gets a credit for the settlement between Payne Adams and the United States, we disagree with the United States' position. Washington International has a separate indemnity agreement with Payne Adams for the losses incurred by

the surety and for payment of a portion of those proceeds of that settlement pursuant to the indemnity agreement. Washington International has paid out on numerous claims on the project and, therefore, is equitably subrogated to any recovery of Payne Adams on the project. The amounts that Washington International expended and to which we are equitably subrogated far exceeds the amount Washington International recovered pursuant to the settlement agreement between Payne Adams and the United States.

We again reiterate our demand for $120,435.18 detailed in our June 14, 2002 letter.

If we do not receive payment of the full amount within ten (10) days of the date of this letter, we will file suit in this matter. If you have any questions, please do not hesitate to give me a call.

Sincerely,

THOMPSON & SLAGLE, P.C.

Scott K. Spooner

SKS/nb
cc: Jeffrey Goldberg, Esq.