No. 02-1624C
(Judge Allegra)

---

IN THE UNITED STATE COURT OF FEDERAL CLAIMS

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

DeWitte Thompson
Attorney for Plaintiff

THOMPSON & SLAGLE, P.C.
3295 River Exchange Drive
Suite 300
Norcross, Georgia 30092
Telephone (770) 662-5999
Facsimile (770) 447-6063

May 23, 2003

---

# TABLE OF CONTENTS

Table of Authorities.......................................................................................... ii.

Plaintiff's Response to Defendant's Motion to Dismiss. ................................................ 1.

Issue Represented............................................................................................. 1.

Statement of the Case ......................................................................................... 2.

I. Nature of the Case ..................................................................................... 2.

II. Statement of Facts..................................................................................... 2.

Argument ............................................................................................................ 5.

A. Standard of Review..................................................................................... 5.

B. Contract Disputes Act Does Not Apply to WIIC.............................................. 6.

C. WIIC Is Not Subject to a Certification Requirement ....................................... 8.

D. Conclusion................................................................................................ 10.

# TABLE OF AUTHORITIES

I. CASES

Fireman's Fund Insurance Co. v. England,
313 F.3d 1344, 1351, (2002)........................................ 6, 7

Henke v. United States,
60 F.3d 795, 797 (Fed. Cir. 1995)........................................ 5

Hoopa Valley Tribe v. U.S.,
219 Ct.Cl. 492, 596 F.2d 435, 436 (1979)........................................ 9

Janowsky v. U.S.,
31 Fed.Cl. 520, 521 (1994)........................................ 6

J&E Salvage Company v. The United States,
37 Fed. Cl. 256, 260 (1997)........................................ 5

Universal Surety Co. v. U.S.,
10 Cl.Ct. 794, 800 (1986)........................................ 8

U.S. v. Seaboard Sur. Co.,
817 F.2d 956, 961, 34 Cont.Cas.Fed. (CCH) P 75,340, 25 Fed. R. Evid. Serv. 169,
2nd Cir.N.Y. (1987)........................................ 7

W.R. Cooper General Contractor, Inc. v. United States,
F. 2d 1362, 1364 (Fed. Cir. 1988)........................................ 5

II. STATUTES AND REGULATIONS

40 U.S.C. §270(a)........................................ 2

RCFC 12(b)(1)........................................ 5

41 U.S.C. § 605(a)........................................ 6

41 U.S.C. § 601(4)........................................ 6, 8

41 U.S.C. § 602........................................ 7, 8

28 U.S.C.A. § 1491........................................ 9, 10

**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, DEPARTMENT OF THE AIR FORCE<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>FILE NO. 02-1624C(Judge Allegra) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant has moved the Court pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") to dismiss Plaintiff's Complaint for lack of jurisdiction, arguing that Plaintiff did not present a certified claim to the contracting officer. As clearly established below, the claim presented to the contracting officer by attorneys for WIIC International Insurance Company ("WIIC") in July of last year was not subject to the requirements of the Contract Disputes Act of 1978 ("CDA"). Defendant's Motion to Dismiss should be dismissed and allow this action to go forward pursuant to this Court's jurisdictional mandate over matters involving express agreements with the United States.

**ISSUE PRESENTED**

Upon the form of claim submitted by the Plaintiff to the appropriate contracting officer as required by the CDA, is Plaintiff a "contractor" and therefore subject to the CDA, which requires that a claim be "certified" and a final decision issued by the contracting officer to provide this Court jurisdiction over this matter?

## STATEMENT OF THE CASE

### I. NATURE OF THE CASE

WIIC seeks monetary damages from the Defendant pursuant to a Takeover Agreement entered into between WIIC and the Department of the Air Force, requiring the Department of the Air Force to pay WIIC $112,743.00. The demand letter for payment was initially sent to Major Brian Varn who informed attorneys for WIIC that the claim should be sent to Ms. Laura A. Mata, which was accomplished on July 7, 2002. By letter dated July 23, 2002, from Leslie A. Crawley the Air Force denied the claim of WIIC. No objection to the form of the claim or to the lack of certification was made.

### II. STATEMENT OF FACTS

Payne Adams Construction Company ("Payne Adams") entered into a construction contract, Contract No. F31601-96-C-00019 (the "Contract") with the Air Force known as "Alter/Repair 624th Compound Pavement" at Pope Air Force Base ("Project"). In connection with the Contract, WIIC as Surety, and Payne Adams as Principal, issued and delivered to the Air Force as Obligee, Payment and Performance Bond No. S5008316 ("Bonds"), as required under 40 U.S.C. §270(a) et seq. A true and accurate copy of the Bonds are attached to Plaintiff's Complaint as Exhibit "A". Payne Adams substantially completed the work on the Project but was declared in default by the Air Force on the Project because, the Air Force alleged, Payne Adams had been unable to fully perform the final elements of work necessary to achieve absolute completion of the Project. By letter dated January 20, 1998, the Defendant formally declared the Contract to be in default and notified the Plaintiff, WIIC, to complete the Project pursuant to the obligations undertaken by Plaintiff under the terms of the Bonds. Plaintiff proceeded to obtain bids for completion of the Contract and obtained a completion contractor

which was determined by the Plaintiff to be the lowest responsible bidder for the work. The completion contractor, Barnhill Contracting Company, agreed to complete the Project for the amount of $244,065. WIIC, the United States, and Barnhill Contracting Company entered into an agreement dated August 18, 1998 (the "Takeover Agreement") pursuant to which Barnhill Contracting Company agreed to perform the balance of the remaining work for the fixed price stated above. A true and correct copy of the Takeover Agreement is attached to Plaintiff's Complaint as Exhibit "B". Under the terms of the Takeover Agreement, WIIC agreed to make payment to the completion contractor in the amount of $244,065. The United States agreed to pay to the Surety the remaining Contract proceeds of $131,321.99 in periodic progress payments as the work progressed pursuant to the terms of the original Contract. The completion contractor agreed to accept $244,065 as the total price to complete the Contract and assume responsibility for all work in place and warranted to the government the same to be free from defects and took responsibility for its work going forward. As a result of the obligations undertaken by WIIC to complete the contract pursuant to the terms of the Performance Bond, the United States Air Force released the Surety from all obligations under the Performance Bond.

Furthermore, under the Takeover Agreement, the United States Air Force recognized that Payne Adams had filed an appeal of the final decision of the contracting officer terminating Payne Adams for default. At Paragraph 9 of the Takeover Agreement, the parties agreed that, "In the event that a favorable determination is made in favor of Principal (Payne Adams) concerning Principal's allegations that the default was improper, or if the Obligee (United States Air Force) and Principal (Payne Adams) reach a settlement whereby payment or credit is granted to Principal, or if the termination for default is converted to a termination for convenience, in the event of the occurrence of any one of the above-listed conditions, Obligee (U.S. Air Force) shall

immediately, without further demand, refund to Surety the amounts paid by Surety to completion contractor less such amounts as may have been paid by Obligee (U.S. Air Force) to Surety (WIIC) pursuant to the original contract. The refund payment required under this agreement by Obligee to Surety is given in recognition of the position of Obligee that the termination for default is proper and that Principal has materially breached its contract, and that, but for such representation by Obligee, Surety would not have undertaken the obligations contained in this agreement pursuant to its Performance Bond."

After the execution of the Takeover Agreement, WIIC subsequently paid Barnhill $241,785 to complete the Project. The United States Government made partial payments of $129,042 to WIIC for Project completion, constituting the contract proceeds remaining and which were paid to WIIC pursuant to the terms of the Takeover Agreement.

Subsequent to the Takeover Agreement, Payne Adams filed an appeal concerning their alleged default. As a result of the appeal filed by Payne Adams, a "Modification of Contract, Number P0011" was issued effective November 13, 2001, in settlement of the dispute arising out of the termination for default of the contract and the subsequent appeal. A copy of Amendment/Modification Number P0011 is attached to the Appendix as Item 2. At Paragraph 14 of the Amendment/Modification, under description of Amendment Modification there is provided: "This Modification is issued in settlement of the dispute arising out of the termination for default of contract F31601-96-C-0019 and the subsequent appeal. The terms of the settlement are set forth on page 2 and 3 of this Modification and attachments 1 and 2." The issuance of the Modification-Amendment between Payne Adams and the United States is clearly the event contemplated in Paragraph 9 of the Takeover Agreement which obligates the United States to immediately, without further demand, refund to WIIC the amounts paid by WIIC to

Barnhill less such amounts as may have been paid by the United States to WIIC pursuant to the original contract.

As set forth above WIIC paid Barnhill $241,785. The United States subsequently paid $129,142 as partial payment pursuant to the terms of the Takeover Agreement. This leaves a balance of $112,743. In addition to the contract balance, WIIC was forced to incur administrative expenses and attorneys' fees as a result of the administration of the Takeover Agreement. WIIC contracted with Forcon as the administrator of the Project and expenses related to Forcon were incurred in the amount of $2,211.18.

Thus, the obligation of the United States to pay to WIIC the amount which it expended as a result of the Takeover Agreement in full arose upon the settlement of the dispute between Payne Adams and the United States as set forth in the Modification/Amendment and the Settlement Agreement between Payne Adams and the United States, a copy of which is attached to the Appendix to the Defendant's Motion to Dismiss as Item 3.

## ARGUMENT

### A. STANDARD OF REVIEW

This is a case before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). When evaluating a Motion to Dismiss pursuant to RCFC 12(b)(1), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in Plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995), J&E Salvage Company v. The United States, 37 Fed. Cl. 256, 260 (1997). If the facts demonstrate any means by which the non-moving party might prevail, the Court must deny the motion. W.R. Cooper General Contractor, Inc. v. United States, F. 2d 1362, 1364 (Fed. Cir. 1988). Further, "where Defendant disputes merits-type issues in Motion to Dismiss for lack of

jurisdiction, Court of Federal Claims should assume jurisdiction and proceed on the merits." Janowsky v. U.S., 31 Fed.Cl. 520, 521 (1994).

B. CONTRACT DISPUTES ACT DOES NOT APPLY TO WIIC

While it is true, as stated by the Air Force, that the Contract Disputes Act provides that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision" 41 U.S.C. § 605(a), the Contract Disputes Act does not apply in this situation.

In order for the Contract Disputes Act to apply, the government and/or contractor must have a claim against the other. 41 U.S.C. § 605(a). The term "contractor" within the Contract Disputes Act is defined as "a party to a Government contract other than the Government." 41 U.S.C. § 601(4). By its very nature, WIIC is not a "contractor," it is a surety which issues bonds for projects.

It has been held by the United States Court of Appeals, Federal Circuit, that in order to "have jurisdiction under the Disputes Act, the claim must be brought by 'a contractor,' which is defined as 'a party to a government contract,' and be one 'relating to a contract.' Fireman's Fund Insurance Co. v. England. 313 F.3d 1344, 1351, (2002). The Court held that the surety in that case "does not come within these standards. It was not a party to any contract with the government prior to the takeover agreement it had with the government, and its pre-takeover claims did not arise under such a contract." The Court ruled that even though a contract-like relationship exists between the Government and the contractors surety in the context of a surety assuming the place of the contractor, this does not qualify a surety as a contractor under the CDA. Id at 1351. Such is the same for WIIC in the case at bar. It was not a party to any contract with the government prior to the Takeover Agreement it entered into with the Air Force;

therefore, WIIC does not come within the above standards as well, and jurisdiction is not found under the Contract Disputes Act.

Further, the Court in England agreed that because the government was not a party to the General Indemnity Agreement between the principal and the surety, the surety could not be a “contractor” under the CDA and therefore jurisdiction was not established through the CDA; rather it was established through the surety’s right to bring suit for damages. Id at 1351. The same applies to the case at bar. The Air Force was not a party to the General Indemnity Agreement between Payne Adams and WIIC. WIIC has brought its claims against the Air Force by way of the Takeover Agreement, executed after the contract between, and only between, the Air Force and Payne Adams was defaulted by the actions of Payne Adams.

In another case it was held that “it is clear from the language of the CDA and from its legislative history that a surety is not a ‘contractor’ for CDA purposes. Section 3 of the CDA, 41 U.S.C. § 602, defines the contracts covered by the act. They include contracts for: (1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair or maintenance of real property; or, (4) the disposal of personal property.” U.S. v. Seaboard Sur. Co. 817 F.2d 956, 961, 34 Cont.Cas.Fed. (CCH) P 75,340, 25 Fed. R. Evid. Serv. 169, 2nd Cir.N.Y. (1987). The Court concluded that “a Miller Act performance bond fits none of these categories. The only one that arguably might include a surety is (2), a contract for the procurement of ‘services.’ But even if the surety agreement could be considered a contract to procure ‘services’, it is not a contract to which the government is a party.” Id at 961. In the case at bar, WIIC, a surety in this litigation, having issued Miller Act payment and performance bonds as exhibited in the Complaint, is not a

"contractor" and did not enter into a contract in which the government was a party for Contract Disputes Act purposes, and as such is not subject to the act.

The Court went on to state:

> "[s]ince the CDA requires that the 'contract' sued upon be a government contract, *see* 41 U.S.C. §§ 601(4),602(a), we conclude that it does not apply to a bond issued by a surety to a contractor. *See also* Universal Surety Co. v. U.S., 10 Cl.Ct. 794, 800 (1986) (surety is 'not a 'contractor' under CDA'). Nothing in the legislative history alters this conclusion. The stated purpose of the CDA was to make uniform the system of dispute resolution governing federal contracts, a system that varied from agency to agency and from contract to contract. Congress felt that this system discouraged businesses from bidding on government contracts, and that its inefficiency almost certainly increased the cost of government projects. Nowhere are sureties or the Miller Act mentioned, and the goals of encouraging bids on contracts and lowering the cost of resolving disputes surrounding government contracts bear little relation to the type of performance bonds that are issued for all large-scale government construction projects. Congress simply had an entirely different set of problems in mind when it passed the CDA, and we see no reason to judicially transform sureties into 'contractors' where congress has not done so." Id at 961-962.

WIIC is not a "contractor" under the Contract Disputes Act, it is a surety which issued bonds for the particular Project surrounding this litigation, and as such is not subject to the Contract Disputes Act. It has been specifically held, as shown above, "surety is not a 'contractor' under the Contract Disputes Act." Universal Surety Co. v. U.S., 10 Cl.Ct. 794, 800 (1986). WIIC has not brought its claims against the government as a "contractor," but rather as surety on a Miller Act bond issued for the Project and thus the Contract Disputes Act does not apply.

C. WIIC IS NOT SUBJECT TO A CERTIFICATION REQUIREMENT

With no application of the Contract Disputes Act to this action, there is no certification requirement on WIIC. This Court has jurisdiction in this action based on 28 U.S.C.A. § 1491, not through the Contract Disputes Act, and this statute has no requirement of certification within it. According to 28 U.S.C.A. § 1491 "[t]he United States Court of Federal Claims shall have

jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States." 28 U.S.C.A. § 1491. The Court of Federal Claims has jurisdiction under the above because of the express contract (Takeover Agreement) entered into between WIIC and the Air Force. The Court of Federal Claims has jurisdiction under 28 U.S.C.A. § 1491 because WIIC seeks liquidated damages not sounding in tort against the Air Force. It has been held by this Court that "where the prime effort of the complaining party is to obtain money from the Federal Government, this court's exclusive jurisdiction over non-tortious claims (above $10,000) cannot be evaded or avoided by framing a District Court complaint to appear to seek only injunctive, mandatory, or declaratory relief against Government officials or the Federal Government." Hoopa Valley Tribe v. U.S., 219 Ct.Cl. 492, 596 F.2d 435, 436 (1979). WIIC's Complaint clearly shows that its efforts consist of obtaining payment from the Federal Government in an amount over $10,000. As such, WIIC comes under the jurisdiction of this Court as found in *Hoopa Valley*. Nowhere within 28 U.S.C.A. § 1491 is a requirement of certification. Because, as shown above, the Contract Disputes Act does not apply to WIIC, and as 28 U.S.C.A. § 1491 has no requirement of certification, WIIC is not required to certify its claims against the government before bringing suit in the Court of Federal Claims.

D. CONCLUSION

WIIC has satisfied any and all requirements under 28 U.S.C.A. § 1491 for bringing this action against the Air Force. Jurisdiction for this action is established under 28 U.S.C.A. § 1491 and is not subject to the Contract Disputes Act. The Court of Federal Claims has jurisdiction for this action.

This 27th day of May, 2003.

Respectfully submitted,

THOMPSON & SLAGLE, P.C.

s/DeWitte Thompson
DeWitte Thompson
Georgia Bar No. 707688

3295 River Exchange Drive
Suite 300
Norcross, Georgia 30092
(770) 662-5999
(770) 447-6063 Facsimile
dthompson@thompsonandslagle.com

Attorney for Plaintiff

Dated: May 27, 2003