**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-1624C (Judge Allegra) |
| UNITED STATES | ) | |
| Defendant | ) | |

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, respectfully offers this reply to plaintiff's opposition to our Motion to Dismiss. As established below and in our dispositive motion, the Court should enter judgment in favor of the United States and dismiss the complaint filed by Washington International Insurance Company ("WIIC") for lack of jurisdiction because the Contract Disputes Act ("CDA") required WIIC to certify its claim to the contracting officer and WIIC failed to comply with this requirement.

WIIC concedes, "the Contract Disputes Act provides that '[a]ll claims by a contractor against the Government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.'" Opposition Brief ("Opp.") at 6 (quoting 41 U.S.C. § 605(a)). Further, WIIC does not dispute the charge that it failed to satisfy the notice requirement under the CDA. Rather, WIIC asserts that it is not a contractor according to the CDA. This argument, however, is wrong.

**ARGUMENT**

I. WIIC Meets The CDA's Definition Of "Contractor"

The CDA defines the term "contractor" as "a party to a Government contract other than the Government." Fireman's Fund Insurance Co. v. England, 313 F.3d 1344, 1351 (Fed. Cir. 2002) (citing 41 U.S.C. § 601(4)).

WIIC is a contractor because it is "a party to a Government contract other than the Government" due to the Takeover Agreement that it signed with the Government. See 41 U.S.C. § 601(4). WIIC attempts to confuse the issue by contending that a surety that brings a lawsuit pursuant to the doctrine of "equitable subrogation" is not a contractor according to the CDA. See Opp. at 6-8. WIIC's argument is superfluous to resolving the motion to dismiss. Simply because WIIC operates as a surety under one contract does not change the fact that it was a signatory of an express contract with the Government in another, thereby satisfying the definition "contractor" according to the CDA.

WIIC recognizes that it has a contract with the United States. Opp. at 9. "On August 18, 1998 a Takeover Agreement was entered into between Washington and the Air Force whereas Washington agreed to perform the balance of remaining work…" Compl. ¶ 9. Specifically, WIIC alleges breach of the Takeover Agreement. See Compl. ¶¶ 14, 19-21; See also Compl. 16 ("The Air Force is required under paragraph 9 of the Takeover Agreement...); See also Compl. 17 ("[WIIC] demanded payment from the Air Force pursuant to the Takeover Agreement."). Pleadings

are judicial admissions which render the facts therein indisputable. McAfee v. United States, 832 F.2d 152, 154 (Fed. Cir. 1987) (citing 4 J. Wigmore, Evidence § 1064, at 67 (Chadbourn Rev. 1972)). Therefore WIIC's complaint proves that WIIC entered into a contract with the Government and that WIIC is bringing the present lawsuit for breach of the Takeover Agreement. After WIIC signed the Takeover Agreement with the Government, WIIC met the plain-meaning of "contractor" under the CDA regardless of the fact that it was a surety or not in another contract. See 41 U.S.C. § 601(4). However, in its opposition brief, WIIC fails to consider the Takeover Agreement in its analysis its "contractor" status.

The Takeover Agreement between the Air Force and WIIC distinguishes England, cited by WIIC. In England, the surety attempted to dispute a claim based upon a contract to which the surety was a third party. England, 313 F.3d at 1347, 1351. Although the surety entered into a Takeover Agreement with the Government, all of the surety's claims in litigation related to liquidated damages based upon the initial contract between the prime contractor and the Government. Id. In asserting its claim before the board of contract appeals, the plaintiff relied upon the doctrine of equitable subrogation, which entitles a surety that "takes over contract performance" or "finances completion of the defaulted contract" to "succeed to the contractual rights of a contractor against the Government." Id. at 1351 (citing Ins. Co. of the West v. United States, 243 F.3d 1367, 1370 (Fed. Cir.

2001). The Federal Circuit held that equitable subrogation did not bring a surety under the CDA because the CDA only applies to parties to a Government contract. Id. at 1349-50.

Unlike the surety in England, WIIC is suing pursuant to a contract to which it was a party. WIIC fails to recognize this crucial dissimilarity between England and the facts at bar here. WIIC wrongly focuses on the result that a surety in one particular circumstance did not meet the definition of "contractor" found in the CDA, and therefore ignores the factual context. England would be analogous to the issue here only if WIIC were asserting claims based on the initial contract between the Government and Payne Adams (the initial contractor). However, WIIC is asserting claims based upon an express contract to which it was a party with the Government. Therefore, England actually supports our position that WIIC is a contractor subject to the CDA.

WIIC also erroneously cites United States v. Seaboard Sur. Co., 817 F.2d 956 (2d Cir. 1987) and Universal Surety Co. v. United State, 10 Cl. Ct. 794 (1986), in support of its argument that it is not a contractor due to the initial contract between Payne Adams and the Government. Again, both cases are factually dissimilar from the facts at hands for the same reason as England. In both Seaboard and Universal, the sureties based their claims upon the original contract between the Government and the defaulting primary contractor. Seaboard, 817 F.2d at 959; Universal, 10 Cl. Ct. at 795. Therefore, the basis of these

claims is not a Takeover Agreement between the surety and the Government. Id. In fact, Universal specifically highlights this difference, stating that cases where the surety is suing under a Takeover Agreement, "are therefore factually distinct from the case at bar [Universal] in one critical respect: there were separate Takeover Agreements between the Government and the surety after default by the contractor. In that circumstance, the surety in effect becomes the contractor, subject to the terms of the new agreement." Universal, 10 Cl. Ct. at 800. Accordingly, there is no support for WIIC's argument that it is not a "contractor" as that term is defined by the CDA.

II. Because WIIC Is A Contractor, WIIC Must Comply With The Procedural Prerequisites Of The CDA

WIIC concedes, "the Contract Disputes Act provides that '[a]ll claims by a contractor against the Government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.'" Opp. at 6 (citing 41 U.S.C. § 605(a)). Further, WIIC does not respond to our argument that it failed to satisfy the certification requirement in the CDA.[1] WIIC failed to comply with the statutory and jurisdictional prerequisites to filing a cause of action in this

[1] For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. 605(c)(1).

Court. Therefore, this claim should be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court should grant our motion to dismiss due to lack of jurisdiction.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinnner
DONALD E. KINNER
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone (202) 307-6289
Facsimile (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard, Suite 606
Arlington, VA 22209-2403

Dated: June 16, 2003